# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:18-cv-00004-KDB
# (CRIMINAL CASE NO. 5:12-cr-00019-KDB-DCK-1)

| | |
|---|---|
| **MANUEL OCAMPO, Jr.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I.     BACKGROUND

On April 2, 2013, Petitioner Manuel Ocampo, Jr., ("Petitioner") pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine, cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(B). [Criminal Case No. 5:12-cr-00019-KDB-DCK-1 ("CR"), Doc. 51: Acceptance and Entry of Guilty Plea].

A probation officer prepared a Presentence Investigation Report (PSR) in advance of Petitioner's sentencing. [CR Doc. 62: PSR]. In the PSR, the probation officer calculated Petitioner's Total Offense Level (TOL) to be 35 and his criminal history score to be four, which included two points for a December 4, 2000 felony conviction in Orange County, California, for unlawful possession of a controlled substance.[1] A criminal history score of four established a Criminal History Category of III. [CR Doc. 62 at ¶¶ 30, 36, 42]. Pursuant to U.S. Sentencing

---

[1] Petitioner was sentenced to three-years' imprisonment on this California conviction. [CR Doc. 62 at ¶ 36].

Guidelines (the "Guidelines"), based upon a TOL of 35 and a Criminal History Category of III, the guideline range for imprisonment was 210 to 262 months. [Id. at ¶ 59].

On June 4, 2014, the Court sentenced Petitioner to a term of imprisonment of 210 months. [CR Doc. 72 at 2: Judgment]. Judgment on this conviction was entered on June 11, 2014. [Id.]. Petitioner directly appealed this Judgment to the United States Court of Appeals for the Fourth Circuit. [CR Doc. 75]. The Fourth Circuit affirmed the Judgment of this Court. [CR Doc. 104].

Petitioner moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) under 782 Amendment to the Guidelines. [CR Doc. 106]. The Court granted this motion and amended Petitioner's sentence to 168 months' imprisonment based on an amended guidelines range of 168 to 210 months' imprisonment. [CR Doc. 108].

On January 5, 2018, Petitioner filed the pending motion. [Doc. 1]. The Court conducted an initial screening of Petitioner's motion and ordered the Government to respond. [Doc. 2]. The Government responded and Petitioner replied. [Docs. 4, 8]. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Petitioner argues that because his California felony conviction, which was used to enhance his federal sentence, was reclassified as a misdemeanor, the two points added to his criminal history score for this conviction should be removed and his Criminal History Category should be revised to reflect this reduction. [Id.]. Petitioner claims that he received notice of this reclassification on August 28, 2017. [Id. at 4]. Plaintiff seeks to be resentenced to a term of 151 month's imprisonment. [Doc. 1 at 12].

The Government makes several arguments in opposition to Plaintiff's motion to vacate, including timeliness, lack of retroactivity on collateral review for the type of reclassification at issue, lack of an error cognizable under 28 U.S.C. § 2255, and that reclassification of the offense does not have any effect on the propriety of the Court's assignment of two criminal history points for it in the first place. Because this last argument is determinative, the Court need not address the other three.

Here, Petitioner received the two criminal history points at issue under § 4A1.1(b) of the Guidelines, which assigns "two points" for "each prior sentence of imprisonment of at least sixty days" not counted in section 4A1.1(a). U.S.S.G. § 4A1.1(b). Petitioner received a sentence of three years' imprisonment for his California offense, well over the 60-day threshold. [CR Doc. 62 at ¶ 36]. Accordingly, any change to the classification of this California offense does not impact the assignment of these points, even if such change had been made by the time of Petitioner's federal sentencing. Petitioner, therefore, is not entitled to relief under Section 2255.

Petitioner's motion will be dismissed.

## IV. CONCLUSION

In sum, Petitioner's Section 2255 Motion to Vacate is without merit and will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: November 8, 2019

Kenneth D. Bell
United States District Judge