UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00004-KDB
5:12-cr-00019-KDB-DCK-1

| | |
|---|---|
| MANUEL OCAMPO, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Recall Mandate Denying 28 U.S.C. § 2255 Relief on Illegal Sentence," which the Court construes as a motion to reconsider. [Doc. 12].

On April 2, 2013, Petitioner Manuel Ocampo, Jr., ("Petitioner") pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine, cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(B). [Criminal Case No. 5:12-cr-00019-KDB-DCK-1 ("CR"), Doc. 51: Acceptance and Entry of Guilty Plea].

A probation officer prepared a Presentence Investigation Report (PSR) in advance of Petitioner's sentencing. [CR Doc. 62: PSR]. In the PSR, the probation officer calculated Petitioner's Total Offense Level (TOL) to be 35 and his criminal history score to be four, which included two points for a December 4, 2000 felony conviction in Orange County, California, for unlawful possession of a controlled substance.[1] A criminal history score of four established a Criminal History Category of III. [CR Doc. 62 at ¶¶ 30, 36, 42]. Pursuant to U.S. Sentencing

---

[1] Petitioner was sentenced to three-years' imprisonment on this California conviction. [CR Doc. 62 at ¶ 36].

Guidelines (the "Guidelines"), based upon a TOL of 35 and a Criminal History Category of III, the guideline range for imprisonment was 210 to 262 months. [Id. at ¶ 59].

On June 4, 2014, the Court sentenced Petitioner to a term of imprisonment of 210 months. [CR Doc. 72 at 2: Judgment]. Judgment on this conviction was entered on June 11, 2014. [Id.]. Petitioner directly appealed this Judgment to the United States Court of Appeals for the Fourth Circuit. [CR Doc. 75]. The Fourth Circuit affirmed the Judgment of this Court. [CR Doc. 104].

Petitioner moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) under 782 Amendment to the Guidelines. [CR Doc. 106]. The Court granted this motion and amended Petitioner's sentence to 168 months' imprisonment based on an amended guidelines range of 168 to 210 months' imprisonment. [CR Doc. 108].

On January 5, 2018, Petitioner filed a § 2255 Motion to Vacate. [Doc. 1]. Petitioner argued that because his California felony conviction, which was used to enhance his federal sentence, was reclassified as a misdemeanor, the two points added to his criminal history score for this conviction should have been removed and his Criminal History Category revised to reflect this reduction. [Id.]. Petitioner sought to be resentenced to a term of 151 month's imprisonment. [Id. at 12]. Because any change to the classification of the California offense would not have impacted the assignment of Petitioner's criminal history points, even if such change had been made by the time of Petitioner's federal sentencing, Petitioner was not entitled to relief under Section 2255. The Court, therefore, denied Petitioner's motion.[2] [Doc. 10].

Plaintiff now moves the Court to "recall its mandate denying [Petitioner's] 28 U.S.C. § 2255 motion." [Doc. 12]. Plaintiff argues that the Court "erroneously denied [his] motion because

---

[2] The Government also raised issues of timeliness, lack of retroactivity on collateral review for the type of reclassification at issue, and lack of an error cognizable under 28 U.S.C. § 2255. [See Doc. 10 at 3].

he failed to reply to the government's [response]." [Id. at 2]. Petitioner claims that the Court "put him in a [dis]advantage when it fail[ed] to inform [him] that he had 14 days to file his reply." [Id. at 3 (first correction in original)]. Plaintiff is simply incorrect. The Court did not dismiss his motion for Petitioner's failure to file a reply. [See Doc. 10]. Moreover, Petitioner did, in fact, file a reply after the Court granted him an extension of time to do so. [Docs. 6-8]. Plaintiff's motion to reconsider will, therefore, be denied. Plaintiff is cautioned against filing any future motions with this Court based on clearly baseless arguments.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 12] is **DENIED**.

Signed: July 14, 2021

Kenneth D. Bell
United States District Judge